| | | | |
|---|---|---|---|
| Case No. | LA CV17-08184 JAK (JCx) | Date | January 22, 2018 |
| Title | Akiko Kijimoto v. YouTube, LLC, et al. | | |

---

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Akiko Kijimoto ("Plaintiff") brought this action against YouTube, LLC. and Google, LLC. ("Defendants"). Complaint ("Compl."), Exs. A, B to Notice of Removal, Dkt. 1-1. The Complaints, which are identical and not models of clarity, appear to allege various injuries arising from a video that appeared on YouTube. Compl., Dkt. 1-1. Defendants removed the action based on federal question jurisdiction, 28 U.S.C. § 1332, and relying on the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Notice of Removal, Dkt. 1. Thus, they contend that the Complaints assert claims under that statute.

"[R]emoval based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990). "The burden of establishing jurisdiction falls on the party invoking the federal removal statute, which is strictly construed against removal." *Id.* (internal citations and quotations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, vague, ambiguous, and passing references to federal law in complaints are insufficient to establish federal question jurisdiction. *See Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1093 (C.D. Cal. 2005) (vague and generalized complaint that failed to identify what work was being infringed failed to establish federal question jurisdiction under Copyright Act); *see also Shelley's Total Body Works v. City of Auburn*, 2007 U.S. Dist. LEXIS 49723 at *6–7 (W.D. Wash Mar. 9 2007) (collecting cases).

Federal question jurisdiction is not established simply because an action involves a claim concerning an alleged copyright. *Vestron, Inc. v. HBO, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988). The Ninth Circuit has adopted the tests set forth in *T.B. Harms, Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), to assess whether there is subject matter jurisdiction under the Copyright Act. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). There is subject matter jurisdiction under the Copyright Act only when: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Id.* at 986.

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08184 JAK (JCx) | Date | January 22, 2018 |
| Title | Akiko Kijimoto v. YouTube, LLC, et al. | | |

As noted, the Complaints here lack clarity. Although each makes several references to the term "copyright," neither expressly identifies the claimed, copyrighted material. Nor does either expressly allege infringement of any such material. Further, there are no clear allegations as to any remedy that is sought under the Copyright Act. Finally, the Civil Cover Sheets, which accompanied each of the Complaints when they were filed in the Superior Court, include references to the following claims: "Business tort/unfair business practice …Civil rights …Defamation…Fraud…Intellectual property [and] Professional negligence." Dkt. 1-2 at 2. Although the reference to "Intellectual property" could concern a Copyright claim, that is not stated expressly.

Presently pending in this action are Defendants' motions to dismiss and transfer. Dkt. 9, 11. Until it is determined whether there is subject matter jurisdiction, they cannot be addressed, and are taken off calendar. On or before January 29, 2018, the parties shall submit any responses to this Order, stating their positions as to subject matter jurisdiction. Defendants shall file a joint response. Each response shall not exceed five pages. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter of jurisdiction can be addressed without a hearing. Whether the motion to dismiss and motion to transfer will be returned to the calendar will also be determined at that time. If it is determined that the standards for establishing federal jurisdiction have not been met, the matter will be remanded to the Superior Court.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | ak |